# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10103 | **DATE** | 1/4/2013 |
| **CASE TITLE** | John E. Taylor (R-66376) vs. Tyneer Butler-Winters, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's application to proceed *in forma pauperis* [3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized make deductions from Plaintiff's trust fund account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. The claims against Defendant Tyneer Butler-Winters shall remain. All other claims and Defendants are dismissed. This case is stayed pending the resolution of Plaintiff's appeal in *Taylor v. Brown*, No. 12-1710 (7th Cir.). To proceed with this case, Plaintiff must seek to lift the stay within 60 days after his appellate case no.12-1710 is no longer pending. Plaintiff's failure to seek to lift the stay within this time period may be construed as his desire not to proceed with this case and result in dismissal without prejudice.

■[ For further details see text below.]                          Docketing to mail notices.

## STATEMENT

Plaintiff John E. Taylor, incarcerated at Stateville Correctional Center, has filed this 42 U.S.C. § 1983 suit against the following Defendants: Stateville Paralegal Tyneer Butler-Winters, Warden Marcus Hardy, Assistant Warden Edwards, Program Director Debbie Denning, Hearing Officer Yvonne Bishop, Educational Program Principal Gayle Sessler, Director of Educational Program Christine Boyd, and Grievance Officer Anna McGee.

Plaintiff alleges the following. On June 29, 2011, a show cause order was entered in another one of Plaintiff's cases filed in the Southern District of Illinois (*Taylor v. Gayle*, No. 11-104-JPG-PMF (S.D. Ill.)). The show cause order noted that count 1 (deliberate indifference to serious medical need) and count 3 (failure to protect) appeared unrelated. The court warned that, if Plaintiff did not voluntarily dismiss count 1 or 3, the court would sever count 3, open a new case, and require payment of another filing fee. On July 11, 2011, Plaintiff allegedly gave Winters several pleadings to e-file in that case, one of which was his response to the show cause order, wherein he sought to voluntarily dismiss count 3. Winters allegedly accepted the pleadings from Plaintiff but never filed them. Plaintiff again sought to file his pleadings several weeks later, and the docket in case no. 11-104 indicates that they were received on August 4, 2011. By that time, however, the court had severed count 3 and opened a new case, *Taylor v. Brown*, No. 11-631-GPM (S.D. Ill.). Plaintiff's *in forma pauperis* motion from his first case (no. 11-104), as well as the court's order granting IFP status in case no. 11-104, were filed in the new case. On August 23, 2011, a month after the new case was opened, the Southern District, with a different judge presiding, ordered Plaintiff to either pay the $350 filing fee or submit a completed IFP application. On September 22, 2011, the court dismissed the case due to Plaintiff's failure to comply with the August 23rd order. Plaintiff filed a notice of appeal, as well as an application to proceed IFP on appeal, which was granted. Plaintiff's appeal of the September 22nd dismissal order is pending before the Seventh Circuit. *Taylor v. Brown*, No. 12-1710 (7th Cir.).

The above facts set forth Plaintiff's claim of denied access to the courts against Winters. Plaintiff also alleges retaliation against Winters for charging Plaintiff with insolence and disobeying an order when he filed grievances about her failure to file his response to the show cause order of June 29. Allegedly, Hearing Officer

Bishop refused to allow Plaintiff to submit evidence. Plaintiff was found guilty of insolence and received a penalty of 30 days of commissary restriction. According to Plaintiff, Program Director Denning ignored and refused to investigate his complaints about Winters and Bishop. Warden Hardy and Assistant Warden Edwards also allegedly ignored Plaintiff's complaints about Winters. Educational Program Principal Sessler (Winters' supervisor) allegedly failed to take corrective measures after learning of Winters' failure to e-file pleadings to ensure that it did not recur. Two additional officials, Chief of Educational Programs Boyd and Grievance Office McGee, also allegedly failed to investigate Plaintiff's claims against Winters.

Before addressing whether Plaintiff may proceed with his claims, this court must first address the issue of the filing fee for this case. The *in forma pauperis* ("IFP") application Plaintiff filed in this case reveals that he cannot prepay the $350 filing fee. The court grants the motion and assesses an initial filing fee of $18.60. The trust fund officer Plaintiff's place of confinement shall collect the partial filing fee from Plaintiff's trust fund account, when funds are available, and pay it directly to the clerk of court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from the account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. Plaintiff shall remain obligated for this filing fee and trust fund officers at his current location shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

The court has conducted a preliminary review of the allegations set out above in accordance with 28 U.S.C. § 1915A. Plaintiff may proceed with his claims of denied access to the courts and retaliation against Winters. To state a claim of denied access to the courts, a plaintiff must allege facts demonstrating that the defendant "frustrated or ... imped[ed] an attempt to bring a nonfrivolous legal claim." *In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012), citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiff's allegations that Winters repeatedly failed to file a pleading for Plaintiff that led to another case being opened and the imposition of another filing fee sufficiently state a claim of denied access to the courts. Further, his allegations that Winters charged Plaintiff with disobeying an order and insolence when he complained about her actions sufficiently state a claim of retaliation. *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir.2005) (allegations that "prison officials issued baseless disciplinary tickets ... in retaliation for pursuit of administrative grievances" states a retaliation claim).

Plaintiff's allegations against the other Defendants, however, do not state claims. As for Hearing Officer Bishop, Plaintiff states that he was prevented from presenting evidence at the disciplinary hearing. Although procedural due process with disciplinary proceedings includes the right to call witnesses and present evidence, *Wolff v. McDonnell*, 418 U.S. 539, 563-66(1974), due process rights are not triggered unless there has been a deprivation of a liberty interest. *Lekas*, 405 F.3d at 607. There is no protected liberty interest in commissary privileges, the only penalty Plaintiff received. *See Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997).

As for the other Defendants (Hardy, Edwards, Denning, Sessler, Boyd, and McGee), Plaintiff's claims are that they either ignored or refused to investigate his complaints about Winters' actions. There is no constitutional right, however, to require that officials investigate or "prosecute persons accused of wrongdoing." *Strong v. David*, 297 F.3d 646, 650 (7th Cir.2002); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ( "A private citizen lacks a judicially cognizable interest in the prosecution ... of another."); *Gray v. Taylor,* 714 F. Supp. 2d 903, 911 (N.D. Ill. 2010) (an inmate does not have right to demand that an officer be investigated and prosecuted for an alleged wrongdoing). To the extent Plaintiff asserts that grievances about Winters were ignored, inmates do not have a constitutional liberty interest in a inmate grievance procedures and the inability to have grievances investigated does not give rise to a § 1983 claim. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995).

| STATEMENT |
|---|

Accordingly, all of the defendants other than Winters are dismissed from this case. As for the claims against Winters, they may not proceed at this time. Plaintiff's claim that Winters denied him access to the courts requires Plaintiff to demonstrate that he was actually injured. *See Lewis v. Casey*, 518 U.S. 343, 349–55 (1996). In this case, Plaintiff's injury was the opening of a new suit in the Southern District (case no. 11-361), for which it appears (although the docket entries in the case are not entirely consistent) that he was charged another filing fee. Plaintiff currently has an appeal pending in the Seventh Circuit from the dismissal of that case, which was based upon Plaintiff's failure to resolve the filing fee issue. Should the Seventh Circuit reverse the imposition of a second filing fee, Plaintiff's denied access claim in this case would be moot (though his retaliation claim would remain). Accordingly, the court deems it appropriate to stay the proceedings in this case pending resolution of Plaintiff's appellate case, as addressing the denied access to the courts claim at this time would require this court to decide issues that appear to be before the Seventh Circuit, which would potentially "cause friction" between the Seventh Circuit and this court as to those issues. *Simpson v. Rowan*, 73 F.3d 134, 137–39 (7th Cir. 1996) (holding that a federal court should abstain from addressing a damage claim that may cause friction with a state criminal proceeding that addresses the same issue); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002) (a court may stay a suit pending the outcome of an earlier-filed suit addressing the same issues).

Accordingly, all claims in this case, except those alleged against Winters, are dismissed. The claims against Winters are stayed pending the resolution of Plaintiff's appeal from the dismissal of (and perhaps creation of) *Taylor v. Brown*, No. 11-631-GPM (S.D. Ill.), which is currently before the Seventh Circuit. Once the case before the Seventh Circuit is resolved, Plaintiff may seek to lift the stay in this case. At that time, the court may lift the stay and proceed with issuing summons for Winters and requesting a response. Plaintiff is advised that his failure to seek to lift the stay within 60 days after his appellate case is no longer pending (as measured by the date of a dismissal of the appeal or the date of issuance of any opinion effectively resolving the appeal) may be construed as his desire to no longer proceed with this case and will result in dismissal for want of prosecution.